UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LILLIAN KRISTIANSEN,                            :
                                                :
                              Plaintiff,         :     Civ No.:
                                                :     22 civ 05601 (DLC)
                  -against-                      :
                                                :
METROPOLITAN TRANSIT AUTHORITY,                 :
NEW YORK CITY TRANSIT AUTHORITY,                :
And TRANSIT WORKERS UNION, LOCAL 100,           :
                                                :
                              Defendants.         :
------------------------------------------------------------X


### DEFENDANT TWU LOCAL 100's
### MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT


COLLERAN, O'HARA & MILLS L.L.P.
*Attorneys for Defendant*
*TWU Local 100*
100 Crossways Park Drive West
Suite 200
Woodbury, New York 11797
(516) 248-5757

TABLE OF CONTENTS

PAGE #

INTRODUCTION                                                      1

FACTS                                                            2

POINT I

    THIS COURT LACKS SUBJECT MATTER
    JURISDICTION UNDER SECTION 301 OF
    THE LABOR MANAGEMENT RELATIONS ACT              2

POINT II

    PLAINTIFF HAS FAILED TO ADEQUATELY SET
    FORTH SUFFICIENT FACTUAL ALLEGATIONS
    DEMONSTRATING ENTITLEMENT TO RELIEF             6

POINT III

    PLAINTIFF's COMPLAINT WAS FILED WELL
    OUTSIDE THE SIX-MONTH STATUTE OF
    LIMITATIONS PERIOD FOR AN ALLEGED BREACH
    OF THE DUTY OF FAIR REPRESENTATION              10

CONCLUSION                                                      12

# INTRODUCTION

Defendant, TRANSPORT WORKERS UNION OF GREATER NEW YORK, AFL-CIO, LOCAL 100 ("LOCAL 100")[1], respectfully submits this Memorandum of Law in support of its motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).  The Complaint, filed by former employee LILLIAN KRISTIANSEN ("KRISTIANSEN"), essentially sounds in a hybrid breach of contract - breach of the duty of fair representation claim. LOCAL 100 submits this motion because there is no federal subject matter jurisdiction in this case, as the Plaintiff's Complaint demonstrates that she was employed by a public sector employer, rather than by a private sector employer, as required by Labor Management Relations Act ("LMRA") Section 301.  Plaintiff's Complaint also fails to state a claim for relief.  She does not cite to a section of the collective bargaining agreement that would support her claims for back pay and/or a promotion.   Finally, even if there were federal subject matter jurisdiction over this matter, which LOCAL 100 does not concede, the Plaintiff failed to bring a suit against the Defendants within the six-month statute of limitations set forth in *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171 (1983).  For these compelling reasons, the Complaint should be dismissed.

---

[1] Plaintiff incorrectly names LOCAL 100 as TRANSIT WORKERS UNION, LOCAL 100, in the caption, rather than its proper name TRANSPORT WORKERS UNION LOCAL 100, AFL-CIO – properly designated as such in her Complaint Para. 1.

## **FACTS**

Plaintiff, LILLIAN KRISTIANSEN, alleges that her employer improperly denied her back pay for "out-of-title" work and/or wrongfully denied her a promotion with the MTA.[2]   (Complaint Paras. 14-26.)   She also alleges that LOCAL 100 breached its duty of fair representation for failing to arbitrate a grievance on her behalf, notwithstanding that she resigned from the MTA in January of 2022.[3] (Complaint Para. 26.)  KRISTIANSEN asserts federal question jurisdiction over this lawsuit.   (Complaint Para. 7.)  This action was commenced on or about June 30, 2022.  *See Docket Report.*

## **POINT I**

### **THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT**

Section 301(a) of the Labor Management Relations Act provides as follows:

Suits for violation of contracts between *an employer* and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. (Italics added.)

For federal jurisdiction to extend to the plaintiff's claim, the plaintiff must show that she "work[s] for an 'employer'--that is, an entity that is not a 'political

---

[2] Plaintiff alternately asserts that, prior to her resignation, she was employed by the Metropolitan Transit (sic) Authority and New York City Transit (Complaint Para. 3 and 11.)  For the purposes of this motion to dismiss, the distinction is not relevant.  Neither the Metropolitan Transportation Authority ("MTA") nor the New York City Transit Authority ("NYCT") are private sector employers within the meaning of the Labor Management Relations Act, section 301, 29 U.S.C. sec. 185.

[3] KRISTIANSEN claims a right to back pay for work she performed from 2018 through and including 2021 – even though her first complaint to LOCAL 100 was August 24, 2021.

subdivision of the State,' and they participate in a 'labor organization' that deals with that employer." *Baumgart v. Stony Brook Children's Serv., P.C.*, 249 F. App'x 851 (2d Cir. 2007).

As alleged in her Complaint, KRISTIANSEN is a former employee of the Metropolitan Transportation Authority ("MTA"), a public benefit corporation of the State of New York.  (Complaint Paras. 3-4.)  She brought this suit against her former employer, the MTA, for breach of contract, and against her former union, LOCAL 100, for allegedly breaching its duty to fairly represent her by "abandoning and refusing to prosecute [the] grievance" LOCAL 100 filed on her behalf.  (Complaint Para. 45)

Federal jurisdiction is lacking on these facts because the MTA and its subsidiaries do not fall within the definition of an "employer" under the LMRA as the MTA is a public entity and employer.  The LMRA defines an employer as "any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation..."  29 U.S.C. § 152(2).

The National Labor Relations Act's ("NLRA") definitions, *see* 29 U.S.C. § 152, apply to the LMRA, *see* 29 U.S.C. § 142(3); *Ayres v. Int'l Bhd. of Elec. Workers,* 666 F.2d 441, 442-43 (9th Cir. 1982); *Crilly v. S.E. Penn. Transp. Auth.,* 529 F.2d 1355, 1359 (3d Cir.1976). The NLRA's definition of "employer" provides that an employer "shall not include ... any State or political subdivision thereof." 29 U.S.C. § 152(2). An "employee" "shall not include any individual employed ... by any other person who is not an employer as herein defined." 29

3

U.S.C. § 152(3). The NLRA defines a labor organization as an entity "in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning" employment matters. 29 U.S.C. § 152(5).

Federal courts have consistently held that they lack subject matter jurisdiction over claims brought by public employees under the LMRA because a public employer is not an 'employer' within the meaning of the LMRA. *Cunningham v. Local 30, International Union Operating Engineers*, 234 F. Supp. 2d 383, 395 (S.D.N.Y. 2002). *Tadros v. Public Employees Fed'n*, 1995 U.S. Dist. LEXIS 18678, No. 94 Civ. 6893 (S.D.N.Y. Dec. 15, 1995). "It is well settled that this Court lacks subject matter jurisdiction over DFR claims brought by employees of political subdivisions." *Gear v. Dep't of Educ.*, No. 07 Civ. 11102(NRB), 2010 WL 5297850, at *3 (S.D.N.Y. Dec. 21, 2010) (citation omitted), *aff'd*, 472 Fed.Appx. 67 (2d Cir. 2012); *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (affirming the district court's dismissal of the DFR claim brought by public employees, holding that federal courts lack subject matter jurisdiction over such claims).

Many cases involving the LMRA's Section 301(a) are so-called "hybrid" claims. These cases follow a familiar pattern, as alleged in this case. The employee sues an employer under Section 301(a) for violating a collective bargaining agreement, and also sues a union for breach of the duty of fair representation based on the failure of the union to pursue a grievance on behalf of the employee against the employer. Subsequently, courts have uniformly held that they lack subject matter jurisdiction over hybrid claims by *public* employees

4

because a public entity is not an "employer" within the meaning of the LMRA. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990); *Manfredi v. Hazleton City Auth.,* 793 F.2d 101 (3d Cir.1986); *Crilly v. S.E. Penn. Transp. Auth.,* 529 F.2d at 1357.

Claims by a public employee against a union for breach of the federal duty of fair representation, with no claim asserted against an employer for breach of a collective bargaining agreement, have also been dismissed. *See Strasburger v. Bd. of Educ., Hardin County Community Unit Sch. Dist. No. 1,* 143 F.3d 351, 360 (7th Cir.1998) (holding that because school board was not an "employer" within the meaning of the LMRA, the plaintiff was not an "employee," and therefore could not bring a claim under Section 301 against union for breach of the duty of fair representation); *Ayres v. Int'l Bhd. of Elec. Workers,* 666 F.2d 441, 444 (9th Cir.1982) ("We hold that section 301(a) of the Act does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state"); *Muhlrad v. Mitchell,* No. 96 Civ. 3568, 1997 WL 182614, at *3 (S.D.N.Y. Apr.14, 1997) ("An individual who is not employed by an 'employer,' as defined in the NLRA, cannot bring a claim against a union for breach of the duty of fair representation with respect to that employer."); *Tadros v. Public Employees Fed'n,* No. 94 Civ. 6893, 1995 WL 746371, *2 (S.D.N.Y. Dec.15, 1995) (no jurisdiction under Section 301 of LMRA, or 28 U.S.C. § 1337, or § 1331, over claim by public employee against union); *Sampson v. United Fed'n of Teachers,* No. 89 Civ. 5357, 1990 WL 48048, *2 (S.D.N.Y. Apr.10, 1990) (no subject matter jurisdiction under Section 301 of LMRA or 28 U.S.C. § 1337 over

duty of fair representation claim against union by public employee). *Cunningham v. Local 30, International Union Operating Engineers*, 234 F. Supp. 2d 383, 395 (S.D.N.Y. 2002).

Under 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), a Complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is insufficient. *TM Patents, L.P. v IBM*, 121 F. Supp. 2d 349, 367-68 (S.D.N.Y. 2000). Once subject matter jurisdiction is challenged, the burden of establishing jurisdiction rests with the party asserting that jurisdiction exists. *APWU v. Potter*, 343 F.3d 619,623 (2d Cir. 2003). Jurisdiction must be shown to the court presiding over the matter affirmatively. *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Here, subject matter jurisdiction has not been shown affirmatively and Defendants have sufficiently challenged this honorable court's jurisdiction because Section 301 of the LMRA only provides for suits between labor organizations and private sector employers and does not apply to public employers such as the MTA. As such, dismissal for lack of subject matter pursuant to FRCP 12(b)(1) is warranted.

**POINT II**

**PLAINTIFF HAS FAILED TO ADEQUATELY SET FORTH SUFFICIENT FACTUAL ALLEGATIONS DEMONSTRATING ENTITLEMENT TO RELIEF**

Even if the Court were to find that it has subject matter jurisdiction over this case, which is cannot, the Court should dismiss Plaintiff's complaint pursuant to FRCP 12(b)(6) for Plaintiff's failure to demonstrate entitlement to relief. Section 8(a)(2) of the FRCP requires that every Complaint include, at a

very minimum, "a short, plain statement of the claim showing that the pleader is entitled to relief..." such that the defendant will be on fair notice of the claim is and the grounds upon which the claim rests.  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554 (2007).  Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Id.* at 555.

To survive a motion to dismiss a Complaint must state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Supreme Court in *Ashcroft v. Iqbal*, held that when a court reviews whether a Complaint states a plausible claim for relief, is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  As such, in order for a plaintiff to fulfill his/her obligation to provide the grounds of his/her entitlement to relief the factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.

Although on a motion to dismiss, the facts and allegations in the Complaint must be viewed in a light most favorable to the plaintiff, a federal district court should grant a motion to dismiss under Rule 12(b)(6) of the FRCP, if it is clear that relief could not be granted, under any set of facts, that could be proven to be consistent with the allegations.  *Omega Homes v. City of Buffalo*, 4 F. Supp. 2d 187, 190 (W.D.N.Y. 1998); *aff'd* 171 F.3d 755 (2d Cir. 1999), *cert. denied*, 528 U.S. 874 (1999); *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229,

249-50 (1989).  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly,* 550 U.S. at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation. . . ")

In her complaint, Plaintiff repeatedly makes conclusory allegations and legal conclusions without any support or grounds for such conclusions. (Complaint Para 36: "It is beyond reasonable argument that Plaintiff had meritorious claims for out-of-title work . . .)  It should be noted that Plaintiff fails to cite to any section of the collective bargaining agreement that supports her claim for damages and/or a promotion – the only basis upon which a contract grievance can be asserted.  Also, Plaintiff completely ignores two important facts: first, her claims are incredibly stale, given that her allegations reach back to 2018.  No reasonable arbitrator would entertain a back-pay, out-of-title grievance on facts that are more than four years old.  The second important fact is this: *she resigned,* making her promotion request impossible.

KRISTIANSEN makes the conclusory allegation that the Union did not effectively prosecute the grievance but fails to explain or put forth facts detailing actions that are "arbitrary, discriminatory or in bad faith", as required by the Supreme Court in *Vaca v. Sipes,* 386 U.S. 171 (1967).  Accordingly, these

8

conclusory allegations do not enjoy the Rule 8 presumption of truthfulness pursuant to *Iqbal and Twombly.*

A Union has broad discretion in its decision as to whether and how to pursue a contractual grievance against an employer. The Union's action are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside of a wide range of reasonableness as to be irrational. A finding of bad faith requires that the union acted with fraud, deceitful action, or dishonest conduct. The duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance. *Castro v. 32BJ Union,* 800 F. Supp.2d 586, 593 (S.D.N.Y. 2011); *Vaughn,* 604 F.3d at 709 (quoting *Air Line Ass'n, Int'l. v. O'Neill,* 499 U.S. 65, 67 (1991)); *Dennis v. Local 804,* No. 07 Civ. 9754, 2009 WL 1473484 at *4 (S.D.N.Y. May 27, 2009); *Owens v. N.Y.C. Dept. of Sanitation,* No. 11 Civ. 8297, 2013 WL 150245, at *6 (S.D.N.Y. Jan. 15, 2013) (quoting *Cruz v. Local Union No. 3 of Int'l Broth. of Elec. Workers,* 34 F.3d 1148, 1153-54 (2d Cir. 1994)).

Ironically, Plaintiff cites to *Vaca v. Sipes* in her Complaint – a case that states that a union does not breach its duty of fair representation by declining to arbitrate a case – even if such a case has merit. Plaintiff's conclusory statements of arbitrary conduct do not suffice to prevail on a claim of a breach of the duty of fair representation. *Vaca,* 386 U.S. at 194. To prevail on such a claim, there must be some "proved arbitrary or bad faith conduct . . ." *Id.* The

9

Supreme Court very clearly articulates the appropriate standard as follows: "a breach of the duty of fair representation is <u>not</u> established merely by proof that the underlying grievance was meritorious . . ." *Id.* at 195.  To succeed, there must be "evidence that [the] union . . . was personally hostile to [Plaintiff] or that the union acted at any time other than in good faith." *Vaca*, 386 U.S. at 194.

Plaintiff's Complaint is absolutely devoid of any allegation that LOCAL 100 bore any animus or hostility toward KRISTIANSEN.  No allegation of bad faith is alleged.  At best, and without in any way conceding the point, the Plaintiff's allegations set forth less than perfect representation.  The cases make clear that far more egregious conduct is required in order to prevail against a union on a breach of the duty of fair representation.  Accordingly, the Complaint should be dismissed.

## POINT III

### PLAINTIFF'S COMPLAINT WAS FILED WELL OUTSIDE THE SIX-MONTH STATUTE OF LIMITATIONS PERIOD FOR AN ALLEGED BREACH OF THE DUTY OF FAIR REPRESNTATION.

Where the dates in a pleading "show that an action is barred by a statute of limitations, a party may raise the defense in a motion to dismiss under FRCP 12(b)(6). *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). Section 301/ Duty of Fair Representation claims are governed by a six-month statute of limitations.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171 (1983).[4]  The statute begins to run when the employee "knew or should have

---

[4] LOCAL 100 does not concede that this Complaint is properly commenced under Section 301 of the LMRA.  Nor does LOCAL 100 concede that the six (6) month limitations period set forth in *DelCostello* applies to New York State

known of the breach of the duty of fair representation." *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir. 1997).   Many of Plaintiff's complaints regarding out-of-title work occurred more than three years ago – and more than three years before she ever reached out to LOCAL 100 for assistance.   Plaintiff asserts that she contacted LOCAL 100 *for the first time* on August 24, 2021, plainly demonstrating that her claims were time-barred.   In trying to salvage these claims, Plaintiff appears to be measuring the accrual date of the alleged breach of the duty of fair representation from the date of the denial of the grievance – January 6, 2022. (Complaint Para. 33.)   Yet, Plaintiff's Complaint states that Local 100 Representative Denise Wellington delayed in the filing of the grievance well before the date the grievance was denied.   (Complaint Para. 45).   The Grievance was filed "after months of delay" no later than December 1, 2021.   On this date, under Plaintiff's theory of the case, the alleged wrongful acts of LOCAL 100 were completed, i.e., the delay in filing and the inadequacy of the grievance itself.   (Complaint Para. 32.)   Based upon these allegations, drawn from the Complaint, the cause of action accrued not later than December 1, 2021, more than six (6) months prior to the filing of the Complaint, June 30, 2022, and is thus time-barred.   Only LOCAL 100's decision to decline to proceed to arbitration occurred after this date – but as set forth above, LOCAL 100 is under no obligation to proceed to arbitration, especially in light of KRISTIANSEN's

---

public sector unions/employees.   Even if the Court were to entertain such jurisdiction, however, the Plaintiff has not filed the action within the six (6) month time limit required by *DelCostello.*

resignation from employment, and thus her no longer being a member of LOCAL 100.

## **CONCLUSION**

Plaintiff's Complaint must be dismissed in its entirety pursuant to FRCP Rules 12(b)(1), and 12(b)(6) because Plaintiff has failed to properly assert federal subject matter jurisdiction over her claims and she has failed to properly assert any facts that would entitle her to relief.   Moreover, Plaintiff's Complaint was filed well beyond the six-month statute of limitations as the last possible date Plaintiff knew or should have known of a breach of the duty of fair representation was December 1, 2021.   Even if the federal statute of limitations period applied, it expired on June 1, 2022, well before the filing of the Complaint.   Accordingly, Defendant respectfully requests that this Court grant this motion to dismiss Plaintiff's Complaint in its entirety.

Dated:      Woodbury, New York
            July 20, 2022

Respectfully submitted,

COLLERAN, O'HARA & MILLS L.L.P.

By: _____
      DENIS A. ENGEL (DAE-9796)
      Attorneys for Defendant
      100 Crossways Park Drive West
      Suite 200
      Woodbury, New York 11797
      (516) 248-5757
      dae@cohmlaw.com