UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :

LILLIAN KRISTIANSEN,              :
                                          :

                   Plaintiff,   :      22cv5601 (DLC)
        -v-                    :
                                          :      OPINION AND ORDER
METROPOLITAN TRANSIT AUTHORITY et al., :

                                        :

                   Defendants.  :
                                        :
---------------------------------------- X

APPEARANCES:

For plaintiff:
Andrew M. St. Laurent
Harris St. Laurent & Wechsler LLP
40 Wall Street
Ste 53rd Floor
New York, NY 10005

For defendants the Metropolitan Transit Authority and the New
York City Transit Authority:
Erin Conroy
Neil Howard Abramson
Rosanne Facchini
Proskauer Rose LLP
11 Times Square
New York, NY 10036

Robert Kenneth Drinan
NYC Transportation Authority
130 Livingston Street
Brooklyn, NY 11201

For defendant Transport Workers Union, Local 100:
Denis A. Engel
Ethan Michael Felder
Colleran, O'Hara & Mills
100 Crossways Park Drive West
Suite 200
Woodbury, NY 11797

DENISE COTE, District Judge:

Plaintiff brought this action against the Metropolitan Transit Authority ("MTA"[1]) and the New York City Transit Authority ("NYCTA") (collectively, the "Transit Defendants"), as well as against Transport Workers Union, Local 100 ("TWU"[2]). Plaintiff asserts a claim under § 301 of the Labor Management Relations Act ("LMRA") and an alleged breach of the duty of fair representation under the National Labor Relations Act ("NLRA"). Each of the defendants moves to dismiss the plaintiff's claims on various grounds including lack of subject matter jurisdiction, timeliness, and failure to state a claim.  For the following reasons, the motions to dismiss are granted for failure to state a claim.

## Background

The following facts are taken from the plaintiff's complaint.  For the purposes of deciding this motion, the plaintiff's factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor.

---

[1] The entity sued as the Metropolitan Transit Authority is properly referred to as the Metropolitan Transportation Authority.

[2] The entity sued as Transit Workers Union, Local 100 states that it is properly referred to as Transport Workers Union Local 100, AFL-CIO.

Plaintiff is a former employee of the Transit Defendants[3] and a former member of the TWU.  She alleges that the Transit Defendants improperly denied her back pay for out-of-title work and wrongfully denied her a promotion, breaching the collective bargaining agreement that governed the terms and conditions of her employment.  Plaintiff also alleges that TWU breached its duty of fair representation ("DFR") for failing to arbitrate her grievance regarding her work assignments and compensation.

Plaintiff filed this action on June 30, 2022.  The complaint asserts a claim against the Transit Defendants for violation of § 301 of the LMRA.  It also asserts a claim against TWU for breach of the implied DFR under the NLRA.  Subject matter jurisdiction is asserted under 28 U.S.C. § 1331 for violation of a federal statute.

On July 21, the TWU filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "TWU Motion").  In response to the TWU Motion, the plaintiff was given a chance to amend the complaint and warned that another opportunity to amend was unlikely.  The plaintiff chose not to amend the complaint.  The TWU Motion became fully submitted on September 27.

---

[3] Defendant NYCTA is a part of the MTA and operates subway and bus service in New York City.

On September 15, the Transit Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  That motion became fully submitted on October 20.

## Discussion

The defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  For the following reasons, the motions to dismiss the complaint under Rule 12(b)(6) are granted.

I.   Rule 12(b)(1)

When a Rule 12(b)(1) motion is made solely based on the allegations in the pleading, the "task of the district court is to determine whether the [p]leading alleges facts that affirmatively and plausibly suggest" that subject-matter jurisdiction exists.  Carter v. HealthPort Tech., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted).  In making this determination, the court must "accept as true all material factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff."  Lacewell v. Off. of Comptroller of Currency, 999 F.3d 130, 140 (2d Cir. 2021) (citation omitted).

The plaintiff has sufficiently alleged subject matter jurisdiction.  Jurisdiction is proper under 28 U.S.C. § 1331

because this action arises under two federal statutes –– the
LMRA and the NLRA.

TWU's argument that a court lacks subject matter
jurisdiction under LMRA § 301 "conflate[s] . . . federal-court
'subject-matter' jurisdiction over a controversy[] and the
essential ingredients of a federal claim for relief." Green v.
Dep't of Educ. of N.Y., 16 F.4th 1070, 1076 (2d Cir. 2021)
(citation omitted).  Section 301 does "not limit[] the subject
matter jurisdiction of the federal courts," rather, it
"define[s] the requirements of a cause of action." Id.  The
Court considers TWU's arguments instead under its Rule 12(b)(6)
analysis.

II.  Rule 12(b)(6)

The defendants' motions to dismiss the complaint under Rule
12(b)(6) for failure to state a claim are granted.  To survive a
motion to dismiss for failure to state a claim, the complaint
"must plead enough facts to state a claim to relief that is
plausible on its face." Green, 16 F.4th at 1076–77 (citation
omitted).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Charles v. Orange County, 925 F.3d 73, 81
(2d Cir. 2019) (citation omitted).

Neither of the Transit Defendants is an employer as that term is defined in the LMRA.  Consequently, the plaintiff's LMRA claim must be dismissed.  Section 301(a) of the LMRA provides a cause of action for "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter."  29 U.S. Code § 185(a) (emphasis added).  The LMRA utilizes the same definition of "employer" and "labor organization" as the NLRA. See 29 U.S.C. § 142(3).  A "labor organization" is defined as an entity that "exists for the purpose, in whole or in part, of dealing with employers" regarding various terms of employment. Id. § 152(5) (emphasis added).  The definition of "employer" expressly exempts "any State or political subdivision thereof." Id. § 152(2).  Therefore, for the LMRA to extend to plaintiff's claim, she must show that (1) she works for an "employer" (i.e., an entity that is not a political subdivision of the State), and (2) she participates in a "labor organization" that deals with that employer.

Plaintiff cannot meet this threshold requirement. "Political subdivisions" within the meaning of the LMRA are entities that are either "(1) created directly by the state, so as to constitute a department or administrative arm of the government, or (2) administered by individuals who are

responsible to public officials or to the general electorate."
Temple Univ. Hosp., Inc. v. NLRB, 39 F.4th 743, 752 (D.C. Cir.
2022) (citing NLRB v. Natural Gas Util. Hawkins Cnty., 402 U.S.
600, 604-05 (1971) ("Hawkins")).  Applying Hawkins, the MTA and
the NYCTA have explicitly and repeatedly been held to be
"political subdivisions" of the State of New York.  See, e.g.,
Rose v. Long Island R.R. Pension Plan, 828 F.2d 910, 917 (2d
Cir. 1987) (concluding that MTA was a political subdivision
under ERISA statute); Lucia Vlad-Berindan v. NYC Metro. Transp.
Auth., No. 14CV10304, 2016 WL 1317700, at *4 (S.D.N.Y. Apr. 1,
2016), aff'd sub nom. (finding NYCTA to be a political
subdivision).  Because the Transit Defendants are not an
"employer" under the LMRA, plaintiff's complaint fails to state
a claim for a violation of the statute.  See Green, 16 F.4th at
1075.

    Plaintiff argues that the finding in Rose was non-binding
dicta, and that Hawkins and its progeny, including Rose, have
been implicitly overruled by the Supreme Court's decision in
Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S.
837 (1984).  These arguments are unconvincing.  This Court is
bound by Supreme Court and Second Circuit precedent.  Courts in
this district have consistently applied both Rose and Hawkins in
the near 40 years since Chevron was decided, including the

finding that the MTA is a political subdivision of New York.
See, e.g., Ross v. Transp. Workers Union of Greater N.Y., No.
11CV9185, 2013 WL 6506203, at *3 (S.D.N.Y. Dec. 11, 2013).  Our
sister circuits have likewise continued to apply the Hawkins
factors following Chevron.  See, e.g., Temple Univ. Hosp., 39
F.4th at 752.

     An employee's DFR claim against his labor union "is
derivative of -- that is, inextricably interdependent with --
his claim against his employer under section 301 of the LMRA."
Jusino v. Fed'n of Cath. Tchrs., Inc., 54 F.4th 95, 101 (2d Cir.
2022) (citation omitted).  Since plaintiff does not assert a
viable claim against the Transit Defendants, her claim against
the TWU must also be dismissed.

     Plaintiff requests leave to amend the complaint to address
any deficiencies.[4]  In general, leave to amend should be "freely
give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).
Leave to amend may be denied, however, "for good reason,
including futility, bad faith, undue delay, or undue prejudice
to the opposing party."  Cohen v. Am. Airlines, Inc., 13 F.4th

---

[4] In a single sentence in her opposition brief to the Transit
Defendants' motion to dismiss, plaintiff also suggests that this
Court may consider her claims under "parallel" state law.  The
Court declines to do so.  The complaint contains no allegations
of violations of state law.  To the extent that plaintiff's
opposition is an attempt to amend her complaint, that effort is
denied.

240, 247 (2d Cir. 2021) (citation omitted).  The request for leave to amend is denied.  Plaintiff cannot plead any set of facts that would salvage her claims under the LMRA or the NLRA. Moreover, the TWU Motion alerted plaintiff to the problem of whether the LMRA and NLRA applied to the Transit Defendants, but she failed to file an amended complaint addressing that issue when given an opportunity to do so.

## Conclusion

The defendants' July 21 and September 15 motions to dismiss are granted.  The Clerk of Court is directed to enter judgment for the defendants and close the case.

Dated:    New York, New York
          March 2, 2023

                                    _____
                                         DENISE COTE
                                    United States District Judge